UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NATHAN KUEHNERT,

Plaintiff,

-vs- Case No: 06-469 T

MIKHAELA LOUISE, INC.,

Defendant.

---

O'BRYAN BAUN COHEN KUEBLER
GARY Wm. BAUN (P28758)
Attorney for Plaintiff
401 S. Old Woodward, Suite 320
Birmingham, MI 48009
(248) 258-6262
(248) 258-6047 - fax
gbaun@obryanlaw.net

-and-

HANSON CURRAN
JAMES T. MURPHY (1698)
Local Counsel
146 Westminster St.
Providence, RI 02903
(401) 421-2154
(401) 521-7040
jtm@hcpw.com

---

**PARTIES' REPORT FOR INITIAL CONFERENCE PURSUANT TO F.R.C.P. 16(a) AND DISCOVERY CONFERENCE AND PLAN PURSUANT TO F.R.C.P. 26(f)**

NOW COME the parties, by and through respective counsel undersigned, and submit the following Report for Initial Conference pursuant to F.R.C.P. 16(a) and Discovery Conference and Plan pursuant to F.R.C.P. 26(f):

A. ATTENDANCE OF COUNSEL.

Plaintiff:

Gary Wm. Baun (P28758)
O'BRYAN BAUN COHEN KUEBLER
401 S. Old Woodward, Suite 320
Birmingham, MI 48009
Telephone: (248) 258-6262
Facsimile: (248) 258-6047
gbaun@obryanlaw.net

-and-

James T. Murphy (#1698)
HANSON AND CURRAN
Local Counsel
146 Westminster St.
Providence, RI 02903
Telephone: (401) 421-2154
Facsimile: (401) 521-7040
jtm@hcpw.com

Defendant:

J. Renn Olenn (#0623)
Martin K. DeMagistris (#6089)
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
Telephone: (401) 737-3700
Facsimile: (401) 737-5499

B. STATEMENT OF THE CASE.

1. Plaintiff's Statement of the Case:

The subject cause of action is maritime personal injury in nature and arises from an incident of injury which occurred January 20, 2006 while Plaintiff, Nathan Kuehnert, was acting within the scope and course of his employment for Defendant, Mikhaela Louise, Inc., as a crewmember aboard its vessel, the F/V MIKHAELA LOUISE. Plaintiff prosecutes this action

pursuant to the General Admiralty Laws of the United States and the Jones Act, 46 U.S.C. §688, et seq. At the time of the subject incident, Mr. Kuehnert was a crewmember of the F/V MIKHAELA LOUISE, a vessel in navigation for purposes of application of the Jones Act. On January 20, 2006, while Plaintiff was assisting in the handling of the vessel's fishing gear, the vessel's captain improvidently, unexpectedly, and without warning activated a winch for the tow wire, crushing Plaintiff's thumb between the tow wire and shackle amputating same. Alternatively, Plaintiff claims that the subject incident was caused by a defective and improperly maintained winch control. Plaintiff claims that his injuries and resulting disability and damages were caused by the negligence of the Defendant and the unseaworthiness of Defendant's vessel encompassing, but not limited to: (a) insufficient, inadequate, and unsafe appurtenances, appliances, and equipment with which to carry out the job tasks at hand in safety; (b) insufficient, inadequate, and incompetent supervision, manpower, work, safety, communication, and maintenance policies and procedures; and (c) failure to provide a safe place to work.

It is further Plaintiff's claim that as a result of the subject incident, Defendant's negligence, and the unseaworthiness of the F/V MIKHAELA LOUISE he has suffered severe and permanently disabling injuries and damages, including, but not limited to: (a) loss of wages and destruction or diminishment of wage earning capacity; (b) pain and suffering, past, present, and future; (c) the expenses of medical treatment and evaluation, past, present, and future; (d) loss of social pleasures and enjoyment, past, present, and future; and (e) maintenance and cure and/or found. It is believed that the Defendant does not contest Plaintiff's status as a Jones Act seaman and a crewmember aboard the F/V MIKHAELA LOUISE which was at all times material and relevant to the issues herein a vessel in navigation for purposes of application of the Jones Act.

2. **Defendant's Statement of the Case:**

This claim arises out of an incident that occurred aboard the F/V MIKHAELA LOUISE on January 20, 2006. Plaintiff, Nathan Kuehnert, a crewmember of the MIKHAELA LOUISE at the time of the accident, was allegedly handling certain fishing gear used to remove steel "doors" from the stern of the vessel, to prepare for a trawl. The Plaintiff allegedly caught his finger in between a connecting hook and a steel tow wire, resulting in the loss of the fleshy tip and part of the pad of the thumb on his non-dominant hand.

Plaintiff claims that the incident was caused by the negligent acts of one or more of the crew, unexpectedly activating the winch to which the equipment was connected, while his thumb was caught in the equipment. Plaintiff alleges in the alternative that the winch controls and/or the fishing gear, itself was defective. Plaintiff has brought the three traditional personal injury admiralty claims for unseaworthiness, Jones Act negligence, and maintenance and cure against the owners of the MIKHAELA LOUISE. Defendants contend that Plaintiff's injury was due, either in whole or in part, from his own failure to act in a reasonably safe manner.

Defendants contend that the equipment itself was not defective, that it is customarily used in fishing operations on other vessels, but was used by the Plaintiff improperly and without regard to his own safety. To the extent Plaintiff's injuries were caused by the acts of the any fellow crewmen on the MIKHAELA LOUISE, the acts were performed with reasonable care under the circumstances.

C. **DISCOVERY PLAN.**

1. **Disclosures and Exchanges:**

The parties suggest the following schedule for disclosures and exchanges:

(a) Rule 26(a)(1) disclosures shall be made by February 22, 2007.

(b) Plaintiff shall furnish the identity of witnesses, including experts, on or before August 1, 2007, and Defendant shall furnish Plaintiff with the identity of witnesses, including experts, on or before September 7, 2007.

2. Discovery.

The parties believe that all discovery proceedings can be completed on or before November 1, 2007.

D. MOTIONS.

The parties anticipate that all dispositive motions will be filed by November 15, 2007.

E. ALTERNATIVE DISPUTE RESOLUTION.

The parties have not agreed to any form of alternative dispute resolution; however, it is anticipated that alternative dispute resolution by way of mediation and/or facilitation will be employed.

F. LENGTH OF TRIAL.

Counsel estimates that trial will last approximately three days.

G. PROSPECTS OF SETTLEMENT.

The parties have discussed the possibility of settlement; however, at the present time it is agreed that Plaintiff's medical status is uncertain, and damages including, but not limited to, the cost of future medical care and destruction or diminishment of wage earning capacity cannot be accurately assessed.

Respectfully submitted,

O'BRYAN BAUN COHEN KUEBLER

/s Gary Wm. Baun
Gary Wm. Baun (P28758)
Attorneys for Plaintiff
401 S. Old Woodward, Suite 320

OLENN & PENZA, LLP

/s J. Renn Olenn (w/ consent)
J. Renn Olenn (#0623)
Martin K. DeMagistris (#6089)
Attorneys for Defendant

Birmingham, MI 48009
Telephone: (248) 258-6262
Facsimile: (248) 258-6047
gbaun@obryanlaw.net

-and-

HANSON AND CURRAN

s/ James T. Murphy (w/ consent)
JAMES T. MURPHY (1698)
Local Counsel
146 Westminster St.
Providence, RI 02903
Telephone: (401) 421-2154
Facsimile: (401) 521-7040
jtm@hcpw.com

530 Greenwich Avenue
Warwick, RI 02886
Telephone: (401) 737-3700
Facsimile: (401) 737-5499