MKD:mes 37181 \pleading\37181MAmend.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NATHAN KUEHNERT | : | |
| | : | |
| VS. | : | C.A. NO. 06-469T |
| | : | |
| MIKHAELA LOUISE, INC. | : | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER**

Now comes your defendant in the above-entitled action and hereby moves this Honorable Court to grant it leave to file the attached Proposed First Amended Answer which includes the affirmative defense of failure to mitigate damages. Defendant alleges that the plaintiff has failed to take reasonable steps to treat his injury. Defendant alleges that this is the cause, either in whole or in part, of the plaintiff's condition, both currently and over the past 18 months. Defendant relies on the attached memorandum of law as well as the attached proposed First Amended Answer in support of its motion.

DEFENDANT,
By its Attorney,

/s/ Martin K. DeMagistris
Martin K. DeMagistris, Esq. #6089
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on October 19, 2007 to:

Gary Wm. Baun, Esq.
O'BRYAN BAUN COHEN KUEBLER
401 S. Old Woodward, Suite 320
Birmingham, MI 48009

James T. Murphy, Esq.
HANSON CURRAN
146 Westminster Street
Providence, RI 02903

/s/ Martin K. Demagistris

MKD:mes 37181 \pleading\37181AmendAnswer.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NATHAN KUEHNERT | : | |
| | : | |
| VS. | : | C.A. NO. 06-469T |
| | : | |
| MIKHAELA LOUISE, INC. | : | |

**PROPOSED FIRST AMENDED ANSWER OF DEFENDANT MIKHAELA LOUISE, INC.**

1. Admitted.

2. Admitted.

3. Neither admitted nor denied, as defendant is without sufficient information to determine the veracity of the allegation.

4. Denied.

5. Denied as to the allegation and all sub-parts.

WHEREFORE, defendant demands judgment against plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant affirmatively pleads that if plaintiff was injured when and as described, it was due in whole or in part to the plaintiff's own negligence and failure to exercise his duty of care, skill, and knowledge in the performance of his work, and not due to any negligence, fault, or unseaworthy condition on the part of the defendant or any person for whom defendant may be legally responsible.

WHEREFORE, defendant demands judgment against plaintiff.

### SECOND DEFENSE

Defendant affirmatively pleads lack of proximate cause between any act of negligence of the defendant or any unseaworthy condition aboard the *F/V Mikhaela Louise*, and the alleged injuries

claimed by the plaintiff.

WHEREFORE, defendant demands judgment against plaintiff.

**THIRD DEFENSE**

Defendant affirmatively pleads that if the injuries alleged were sustained, the plaintiff has not provided documentary medical proof of said injuries, or that the plaintiff's alleged medical treatment was not reimbursed or reimbursable, and that medical treatment was other than palliative.

WHEREFORE, defendant demands judgment against plaintiff.

**FOURTH DEFENSE**

Defendant affirmatively pleads accord and satisfaction for all maintenance and cure properly submitted by the plaintiff.

WHEREFORE, defendant demands judgment against plaintiff.

**FIFTH DEFENSE**

Defendant affirmatively pleads that the plaintiff failed to observe and employ a safe, alternative practice, thus, contributing to his own injury.

WHEREFORE, defendant demands judgment against plaintiff.

**SIXTH DEFENSE**

Defendant affirmatively pleads that if the plaintiff was injured as alleged, after such injury occurred, the plaintiff had been found fit for duty or service onboard the defendant's vessel, and the defendant owes no further duty to pay maintenance and/or cure to the plaintiff.

WHEREFORE, defendant demands judgment against plaintiff.

**SEVENTH DEFENSE**

Defendant affirmatively pleads that plaintiff has failed to produce evidence of actual expenditures equivalent to room and board on the subject vessel, if any.

WHEREFORE, defendant demands judgment against plaintiff.

## EIGHTH DEFENSE

______Defendant affirmatively pleads that if plaintiff was injured as alleged, it was caused in whole or in part by his own negligence.

WHEREFORE, defendant demands judgment against plaintiff.

## NINTH DEFENSE

Defendant affirmatively pleads that plaintiff's failure to take reasonable measures for his own care, is the cause, in whole or in part, of his current and past condition.

WHEREFORE, defendant demands judgment against plaintiff.

Defendant hereby demands a trial by jury

/s/ J. Renn Olenn
J. Renn Olenn, Esq. #0623
**Attorney for Defendant**
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

/s/ Martin K. DeMagistris
Martin K. DeMagistris, Esq. #6089
**Attorney for Defendant**
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

## CERTIFICATION

I certify that I sent a true copy of the within on October 19, 2007 to:

Gary Wm. Baun, Esq.
O'BRYAN BAUN COHEN KUEBLER
401 S. Old Woodward, Suite 320
Birmingham, MI 48009

James T. Murphy, Esq.
HANSON CURRAN
146 Westminster Street

Providence, RI 02903

/s/ Martin K. Demagistris